PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL J. SAELI,

Plaintiff,

-v-

17-CV-6438CJS
ORDER

WKBW NEWS CHANNEL 7, E.W. SCRIPPS COMPANY, THE C.E.O. AND OWNERS OF E.W. SCRIPPS CO., CEO OF WKBW NEWS CHANNEL 7, THE VILLAGE OF FREDONIA, NY POLICE DEPT., THE VILLAGE OF FREDONIA, NY, CHAUTAUQUA COUNTY, NY, CHAUTAUQUA COUNTY DISTRICT ATTORNEYS OFFICE, PATRICK K. SWANSON, District Attorney ANDREW MOLITAR, BRAD MEYERS, UNKNOWN REPORTERS/EMPLOYEES OF WKBW,

Defendants.

---

SAMUEL J. SAELI,

Plaintiff,

-v-

17-CV-6439CJS
ORDER

SPECTRUM NEWS, Formerly known as Timer Warner News, UNKNOWN OWNER/OPERATOR OF SPECTRUM NEWS, UNKNOWN CEO OF SPECTRUM NEWS, UNKNOWN EMPLOYEES / REPORTERS OF SPECTRUM NEWS, TIME WARNER CABLE NEWS now known as Spectrum News, THE VILLAGE OF FREDONIA, NY, THE VILLAGE OF FREDONIA, NY POLICE DEPARTMENT, BRAD MEYERS, CHAUTAUQUA COUNTY, NY, THE CHAUTAUQUA COUNTY DISTRICT ATTORNEY'S OFFICE, PATRICK SWANSON, ANDREW

MOLITAR,

Defendants.

---

SAMUEL J. SAELI,

Plaintiff,

-v-

17-CV-6440CJS
ORDER

WDOE 1410 AM RADIO, ALAN BISHOP, GEORGE KIMBLE, CHAUTAUQUA TODAY, THE OWNER OF CHAUTAUQUA TODAY, THE VILLAGE OF FREDONIA, NY, THE VILLAGE OF FREDONIA , NY POLICE DEPARTMENT, BRAD MEYERS, CHAUTAUQUA COUNTY, NY, CHAUTAUQUA COUNTY DISTRICT ATTORNEY'S OFFICE, PATRICK SWANSON, ANDREW MOLITAR, DAVE RAWLEY,

Defendants.

---

SAMUEL J. SAELI,

Plaintiff,

-v-

17-CV-6441CJS
ORDER

WGRZ-NEWS CHANNEL 2, TEGENA, INC., THE UNKNOWN CEO'S OF WGRZ & TEGNA, INC., THE VILLAGE OF FREDONIA, NY, THE VILLAGE OF FREDONIA, NY POLICE DEPT., BRAD MEYERS, CHAUTAUQUA COUNTY, NY, CHAUTAUQUA COUNTY DISTRICT ATTORNEYS OFFICE, PATRICK SWANSON, DISTRICT ATTORNEY ANDREW MOLITAR, UNKNOWN EMPLOYEES/REPORTERS OF WGRZ-TV,

Defendants.

---

SAMUEL J. SAELI,

Plaintiff,

-v-

17-CV-6442CJS
ORDER

WIVB-TV, WNLO-YV, NEXSTAR MEDIA GROUP, PERRY A. SOOK, UNKNOWN WIVB-TV EMPLOYEES/REPORTERS, THE VILLAGE OF FREDONIA, NY, THE VILLAGE OF FREDONIA, NY POLICE DEPARTMENT, CHAUTAUQUA COUNTY DISTRICT ATTORNEY OFFICE, CHAUTAUQUA COUNTY, NY, BRAD MEYERS, PATRICK SWANSON, ANDREW MOLITAR, UNKNOWN OWNER/CEO OF WIVB-TV & WNLO-TV,

Defendants.

---

## INTRODUCTION

Plaintiff, an inmate at the Chautauqua County Jail, filed these action seeking relief under 42 U.S.C. § 1983. 17-CV-6438 Docket No. 1 ("First Complaint"), 17-CV-6439 Docket No. 1 ("Second Complaint"), 17-CV-6440 Docket No. 1 ("Third Complaint"), 17-CV-6441 Docket No. 1 ("Fourth Complaint") and 17-CV-6442 Docket No. 1 ("Fifth Complaint"). Plaintiff alleges that his rights under the Fifth, Eighth and Fourteenth Amendments were violated when Defendants publicly discussed Plaintiff's arrest, as more specifically detailed in his Complaints. Plaintiff has also moved for counsel in each action. For the reasons discussed below, Plaintiff's requests for assignment of counsel will be denied without prejudice, these actions will be consolidated, Plaintiff will be directed to file a single, consolidated amended complaint, and unless Plaintiff files an amended complaint as directed below, the consolidated

Case 6:17-cv-06438-CJS Document 4 Filed 09/05/17 Page 4 of 14

action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) for failure to state a claim on which relief may be granted.

**DISCUSSION**

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of these Complaints. In evaluating the Complaints, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the Plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Complaints, the Court finds that Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim on which relief may be granted.

**Plaintiff's Allegations**

Plaintiff simultaneously filed five similar actions under § 1983 against news organizations, their owners and employees, as well as against various government officials for speaking with these news organizations concerning Plaintiff's arrest and prosecution, 17-CV-6438, 17-CV-6439, 17-CV-6440, 17-CV-6441 and 17-CV-6442. When actions involve common questions of law or fact, such as these five actions by Plaintiff, the Court may consolidate the actions and make any such orders regarding them "as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Accordingly, Plaintiff's five actions shall be consolidated into a single action under the case number 17-CV-6438, and the Complaints in case numbers 17-CV-6439, 17-CV-6440, 17-CV-6441 and 17-CV-6442 shall be deemed Supplemental Complaints in 17-CV-6438.

**First Complaint - 17-CV-6438**

Plaintiff states that "[o]n or about August 16, 2016-Present", Defendants WKBW News Channel 7, E.W. Scripps Co., the CEO and Owners of E.W. Scripps Co., CEO of WKBW News Channel 7, Village of Fredonia Police Department, Village of Fredonia, Brad Meyers, Chief of Fredonia Police, Chautauqua County, Chautauqua County District Attorneys Office, District Attorney Patrick Swanson, Assistant District Attorney Andrew Molitar and unknown reporters/employees of WKBW did disseminate "false, defamatory, libelous, slanderous, inaccurate, incomplete, unproven and unsubstantiated information regarding the false arrest of Plaintiff." First Complaint, p. 5. Plaintiff alleges

that Defendants thereby "nurtured and promoted a hostile environment where threats, lies, intimidating and harassing comments" were directed at Plaintiff causing him to fear for his life, and which caused him to experience paranoia and depression. *Id.* Plaintiff further alleges that Defendants WKBW and E.W. Scripps Co. did disseminate "false, inaccurate, misleading, incomplete, unsubstantiated, libelous, slanderous, defamatory and unproven information" and that when Plaintiff requested an interview with WKBW, he was not permitted to tell "my side of the story." *Id.* Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments, as well as "civil rights violations and FCC violations." *Id.*

**Second Complaint - 17-CV-6439**

Plaintiff's Second Complaint largely tracks and often repeats verbatim the allegations of the First Complaint. The Second Complaint is directed at the same municipalities and public officials as the first, as well as Spectrum News, formerly Time Warner Cable News. Plaintiff states that "[o]n or about August 16, 2016-Present", Defendants did disseminate "false, defamatory, libelous, slanderous, inaccurate, incomplete, unproven and unsubstantiated information regarding the false arrest of Plaintiff." Second Complaint, p. 9. Plaintiff again alleges that Defendants thereby "nurtured and promoted a hostile environment where threats, lies, intimidating and harassing comments" were directed at Plaintiff causing him to fear for his life, and which caused him to experience paranoia and depression. *Id.* Plaintiff further alleges that Defendant Spectrum News "reported as factual with little or no attempt to reach out to or contact Plaintiff concerning such allegations." *Id.* at 6. Plaintiff also alleges that Spectrum exercised "insufficient oversight and management of comments" on its

website, and that there were no restrictions on what users could say about Plaintiff, including making threats against him. *Id.* at 6-7.

**Third Complaint - 17-CV-6440**

Plaintiff's Third Complaint largely tracks and often repeats verbatim the first two. The Third Complaint is directed at the same municipalities and public officials as the first, as well as WDOE, 1410am Radio, Chautauqua Today and their respective owners. Plaintiff again states that "[o]n or about August 16, 2016-Present", Defendants did disseminate "false, defamatory, libelous, slanderous, inaccurate, incomplete, unproven and unsubstantiated information regarding the false arrest of Plaintiff." Third Complaint, p. 8. Plaintiff again alleges that Defendants thereby "nurtured and promoted a hostile environment where threats, lies, intimidating and harassing comments" were directed at Plaintiff. *Id.* Plaintiff further alleges that Defendants WDOE and Chautauqua Today reported "with little to no inquiry or questioning of such 'facts' " and "no attempt to reach out to or contact Plaintiff concerning such allegations." *Id.* at 6. Plaintiff also alleges that Defendants exercised insufficient oversight and management of comments on their website, and that there were no restrictions on what users could say about Plaintiff, including making threats against him. *Id.*

**Fourth Complaint - 17-CV-6441**

Plaintiff's Fourth Complaint again largely repeats the first three. The Fourth Complaint is directed at WGRZ – News Channel 2 and Tegna, Inc., as well as the same municipalities and public officials from each of the other complaints. Plaintiff again states that "[o]n or about August 16, 2016-Present", Defendants did disseminate "false, defamatory, libelous, slanderous, inaccurate, incomplete, unproven and unsubstantiated

information regarding the false arrest of Plaintiff." Fourth Complaint, p. 10. Plaintiff again alleges that Defendants thereby "nurtured and promoted a hostile environment where threats, lies, intimidating and harassing comments" were directed at Plaintiff. *Id.* Plaintiff further alleges that Defendants WGRZ and Tegna, Inc. reported "with little to no inquiry or questioning of such 'facts' and 'information' " and "no attempt to reach out to or contact Plaintiff concerning such allegations." *Id.* at 7. Plaintiff also alleges that Defendants exercised insufficient oversight and management of comments on their website, and that there were no restrictions on what users could say about Plaintiff, including making threats against him. *Id.* at 7-8.

**Fifth Complaint - 17-CV-6442**

Plaintiff's Fifth Complaint again tracks and often repeats verbatim the other four. The Fifth Complaint is directed at WIBV-TV, WNLO-TV, Nexstar Media Grounp, Perry Stock and unknown reporters and employees of WIVB-TV, as well as the same municipalities and public officials from each of the other complaints. Plaintiff again states that "[o]n or about August 16, 2016-Present", Defendants did disseminate "false, defamatory, libelous, slanderous, inaccurate, incomplete, unproven and unsubstantiated information regarding the false arrest of Plaintiff." Fifth Complaint, p. 13. Plaintiff again alleges that Defendants thereby "nurtured and promoted a hostile environment where threats, lies, intimidating and harassing comments" were directed at Plaintiff. *Id.* Plaintiff further alleges that Defendants Nexstar Media Group and WIVB-TV reported "with little to no inquiry or questioning of such 'facts' and 'information' " and "no attempt to reach out to or contact Plaintiff concerning such allegations." *Id.* at 10. Plaintiff also alleges that Defendants exercised insufficient oversight and management of comments

on their website, and that there were no restrictions on what users could say about Plaintiff, including making threats against him. *Id.*

**Analysis**

In none of the Complains does Plaintiff discuss the nature of the charges against him, nor does he reveal the nature of the information disclosed. Plaintiff merely alleges in each Complaint that Defendants Chief Myers and District Attorney Swanson made statements to the media organizations, their owners and employees (the "press Defendants") through a press release or otherwise concerning Plaintiff's criminal charges, and that the press Defendants conducted an inadequate investigation of the charges. Each of Plaintiff's five Complaints is therefore subject to dismissal as wholly conclusory regardless of his theory of recovery. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"); *see also Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone").

On initial review, a plaintiff's allegations are presumed true. However, as the Supreme Court has explained, "[i]t is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Plaintiff will be permitted to file an amended complaint in which he sets forth

allegations to substantiate his claims. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Because these actions have been consolidated, Plaintiff must file a single amended complaint addressing the allegations in all five actions.

In addition, even if Plaintiff's conclusory allegations were presumed true, his claims would require amendment.

**Defamation**

"Defamation by a state actor does not amount to a deprivation of liberty or property within the meaning of the Fourteenth Amendment, unless accompanied by some interest other than mere loss of reputation." *Balentine v. Tremblay*, 554 Fed. App'x 58, 60 (2d Cir. 2014) (Summary Order) (citing *Paul v. Davis*, 424 U.S. 693, 711 (1976)) (internal quotation marks omitted). To establish the so-called "stigma plus," a plaintiff must allege two elements: (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," plus (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal citations and quotation marks omitted).

Plaintiff's claim appears to arise from the dissemination of the fact of his arrest, as well as attendant allegations explaining why the police arrested him and revealing the nature of the charge(s). Plaintiff notes that he is innocent until proven guilty, and alleges *inter alia* that the allegations are "unsubstantiated" and "unproven".

Plaintiff is advised that to prevail on a claim of defamation under § 1983 he must plead and prove that the complained-of statements are false. Alleging that he has not yet been convicted, and that therefore the charges are "unsubstantiated" and "unproven" does not state a constitutional violation. Instead, Plaintiff must allege, if possible, that Defendants made false statements about him.

Further, to establish "stigma plus", Plaintiff must allege that these false statements imposed a material state-imposed burden or state-imposed alteration of Plaintiff's status or rights. Stigma-plus is required because, to state a valid claim under § 1983, a plaintiff must allege that challenged conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Whalen*, 126 F.3d at 405. Some defamation may be cognizable as state law claims, yet fail to present a valid claim under § 1983.

**Non-State Actors**

Plaintiff's claims are subject to dismissal as wholly conclusory, as noted. Should Plaintiff choose to file a single amended complaint addressing all of his claims, as directed, he will also need to satisfy the requirement of 42 U.S.C. § 1983 that the challenged conduct was attributable to a person acting under color of state law.

Each of Plaintiff's Complaints names one or more news organizations as well as owners and employees of news organizations. These press Defendants are private individuals or entities and not governmental actors. As such, none of the press Defendants appears to have acted under color of state law for purposes of § 1983, and therefore no action lies against them. *See Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922 (1981) (Fourteenth Amendment offers no shield against private conduct,

however discriminatory or wrongful); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) ("By its terms, private action is immune from the restrictions of the Fourteenth Amendment") (internal quotation marks and citation omitted). For that reason, none of the press Defendants are subject to the mandates of the civil rights statute and the claims against them would be subject to dismissal even were Plaintiff's allegations otherwise sufficient.[1]

**Assignment of Counsel**

Plaintiff has moved for assignment of counsel. 17-CV-6438 Docket No. 3. In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance, and if the claim meets this threshold requirement, the Court should then consider a number of other factors in making its determination. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). At this stage, because Plaintiff's allegations do not appear to be of substance, the Court need not yet consider the factors set forth in *Hodge*. Plaintiff's request for appointment of counsel is therefore denied without prejudice.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. §§ 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* (17-CV-6438 Docket No. 2) is granted. All actions are consolidated as 17-CV-6438. For the reasons set forth above, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files a **single amended complaint** addressing all of his claims in

---

[1] Although the press Defendants are not state actors, they may nonetheless be liable in an action under § 1983 if they "jointly engaged with state officials in the challenged action.... [P]rivate parties conspiring with [a state official are considered for purposes of § 1983 to] act[] under color of state law." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *see also Rounseville v. Zahl*, 13 F.3d 625, 633 (2d Cir. 1994) (involvement of state actor in a conspiracy may ground § 1983 claim against the other conspirators).

the consolidated action by **October 13, 2017** in which he includes the necessary allegations as directed above.

Plaintiff is advised that an amended complaint is intended to completely replace the prior Complaints in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978)*; see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff must include all of the allegations against each of the Defendants from all five actions which have been consolidated, so that the **single amended complaint** may stand alone as the sole complaint in this action which the Defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted, while his request for assignment of counsel is denied without prejudice;

FURTHER, that case numbers 17-CV-6439, 17-CV-6440, 17-CV-6441 and 17-CV-6442 are consolidated as case number 17-CV-6438;

FURTHER, that all papers filed in case numbers 17-CV-6439, 17-CV-6440, 17-CV-6441 and 17-CV-6442 shall be papers in case number 17-CV-6438, and, henceforth, all papers shall be filed in case number 17-CV-6438;

FURTHER, that the Complaints submitted in 17-CV-6439, 17-CV-6440, 17-CV-6441 and 17-CV-6442 are each deemed a Supplemental Complaint in case number 17-CV-6438, and the Clerk of Court is directed to file each Supplemental Complaint in case 17-CV-6438;

FURTHER, that the Clerk of Court is directed to close case numbers 17-CV-6439, 17-CV-6440, 17-CV-6441 and 17-CV-6442.

FURTHER, that Plaintiff is granted leave to file **one, consolidated amended complaint** dealing with all consolidated claims only as directed above by **October 13, 2017;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order copies of the original Complaint and all four Supplemental Complaints, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, that the Complaint and all four Supplemental Complaints are dismissed with prejudice;

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint, Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Charles Siragusa
Charles J. Siragusa
United States District Judge

DATED: Sept. 5, 2017
Rochester, NY